## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA

           Plaintiff,

v.                                                      Case No. 12-CR-20272
                                                        Honorable Denise Page Hood

JAMELLA AL-JUMAIL (D-6),

           Defendant.

_____/

## ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE MOTION FOR A NEW TRIAL and ORDER DENYING MOTION TO CONTINUE TRIAL OR TO SEVER

This matter comes before the Court on Defendant Jamella Al-Jumail's ("Defendant") Motion for Judgment of Acquittal, or in the Alternative, Motion for New Trial **[Docket No. 386, filed October 14, 2014]**. The Government filed a Response to the Motion **[Docket No. 398, filed December 1, 2014]**. For the reasons discussed below, Defendant's Motion for Judgment of Acquittal or New Trial is **DENIED**.

Also before the Court is Defendant's Motion to Continue Trial or Sever **[Docket No. 317, filed July 2, 2014]**, to which the Government filed a Response **[Docket No. 320, filed July 2, 2014]** and supplement to the Response **[Docket No. 330, filed July 11, 2014]**. For reasons stated on the record, Defendant's Motion to Continue Trial or Sever is **DENIED**.

## I.    Background

Defendant was indicted on April 26, 2012 and charged with violating 18 U.S.C. § 1349, Health Care Fraud Conspiracy; and 18 U.S.C. §§1519 and 2, Destruction of Records in a Federal Investigation.   Defendant was indicted for her role in a multimillion dollar health care fraud scheme that involved approximately 30 companies in the Detroit area.   Defendant is believed to have billed Medicare for home health care and psychotherapy services that were either not provided or not medically necessary.   Defendant is also charged with destroying records relating to the case.   Subsequent superseding indictments did not change the nature of the charges against Defendant Al-Jumail.   On September 30, 2015, a jury convicted Defendant on one count of conspiracy to commit health care fraud (18 U.S.C. § 1349) and one count of destruction of records in a federal investigation (18 U.S.C. §§1519 and 2).

## II.    Analysis

Defendant requests a judgment of acquittal under Fed. R. Crim. P. 29 based on insufficient evidence to support a conviction, and the Government impermissibly shifted the burden of proof during its rebuttal closing argument.   To support a motion for judgment of acquittal the court must consider, "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." *United States v. Caseer*, 399 F.3d 828, 839-40 (6th Cir. 2005);

*Jackson v. Virginia,* 443 U.S. 307, 319 (1979).  A defendant claiming

insufficiency of the evidence bears a heavy burden.  *United States v. Jackson*, 473

F.33d 660, 669 (6th Cir. 2007).  The Court is bound to make all reasonable

inferences and credibility choices in support of the jury's verdict.  *Id*. at 669-70.

The question is merely one of legal sufficiency; the court does not substitute its

judgment for that of the jury, independently weigh the evidence, or judge the

credibility of trial witnesses.  *United States v. Ramirez,* 635 F.3d 249, 255-56 (6th

Cir.  2011).  There is a strong presumption in favor of sustaining a jury conviction.

*United States v.  Peters,* 15 F.3d 540, 544 (6th Cir.  1994).

Alternatively, Defendant Al-Jumail seeks a new trial under Rule 33 "in the

interest of justice" for multiple errors, including adverse rulings on each and every

motion and objection relating to her, errors committed by the prosecution, and

inflammatory and prejudicial remarks made throughout the trial and during closing

argument.  Defendant Al-Jumail does not specify what the errors were.

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the

defendant's motion, the court may vacate any judgment and grant a new trial if the

interest of justice so requires."  Fed. R. Crim. P. 33(a).  When faced with a Rule 33

motion, unlike a motion for judgment of acquittal under Rule 29, the district court

may weigh the evidence and assess the credibility of the witnesses; "[i]t has often

been said that [the trial judge] sits as a thirteenth juror" when considering a Rule 33 motion. *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998). A motion for new trial is premised on the argument that the jury's verdict was against the manifest weight of the evidence. *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). Such motions are generally granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict. *Id.* at 592-93. In general, motions for a new trial are disfavored and should be granted with caution. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir.1991). A district court's decision to admit or exclude evidence is reviewed for abuse of discretion and, even if an abuse is found, a new trial is not required unless the defendant's substantial rights were affected by the admission or exclusion of the evidence. *See, United States v. Bonds,* 12 F.3d 540, 554 (6th Cir. 1993); Fed. R. Crim. P. 52(a).

Defendant claims that the Government has failed to establish that any actions taken by Defendant in "creating or directing in the creation of false time sheets, were used, or even intended to be used, in the billing of Medicare for services rendered by nurses or physical therapists at ABC or Accessible." Defendant claims that any linkage between her actions and any false billing could be found only by impermissible piling of inference upon inference, citing *Ingram v. United States*, 360 U.S. 672 (1959). Essentially, Defendant's argument is that without the testimony of "the biller" it cannot be shown that the biller relied on

4

Defendant's actions to submit fraudulent bills to Medicare.  Defendant argues that the jury verdict was based upon pure speculation as opposed to legitimate inferences.

Defendant also argues that the prosecution shifted the burden of proof by suggesting that if the testimony of the biller would have been helpful to the defense, Defendant could have called the biller to testify.  Defendant does not set forth the standard for showing prosecutorial misconduct nor does she cite any cases or other law in support of this argument.

Defendant, in support of her claims that there is insufficient evidence to support the jury verdict and that a new trial should be granted if the interest of justice so requires, assigns as error "each and every adverse ruling on each and every motion and objection made by her through her counsel, and her co-defendant's counsel, with whom she joined in all pertinent motions and objections, both pretrial and at trial."  Defendant does not enumerate these claims of error with specificity.  The Court need not guess about the rulings Defendant claims since the record will support them and also this Court's reasons behind them, upon which this Court now relies.  Such generality is too broad for the Court to address without specific detail *or* citation to the transcript of this lengthy trial.

The Government responds that the evidence admitted at trial supports the jury's verdict that Defendant knowingly and voluntarily conspired to defraud

Medicare and that she knowingly destroyed, or aided and abetted, the destruction
of records, intending to impede a federal investigation.  Testimony supported that
Defendant ran the operations at Accessible Home Care.  The testimony supports
that she and Abdul Al-Jumail, Sachin Sharma and Khalil Mackie conspired, at
Accessible, to create a fake home health care survey and to start a fraudulent home
health care organization.  Testimony of Jessica Lopez showed that Defendant
trained her how to complete blank forms with false dates, and nursing and therapy
notes.  Mr. Mackie testified that he worked for Defendant to create fraudulent
medical records, and doctor's orders and notes for therapy and nursing visits. Both
Lopez and Mackie testified that Defendant was in charge at Accessible. Then
Special Agent Michael Fairbanks testified about how Medicare was billed for the
fake therapy and nursing visits created at Accessible.

The Government argues that even though Defendant's argument seems to be
that none of the fake documents were intended to be used or were used to bill
Medicare, Defendant so stipulated at trial.  It could be reasonably inferred by a jury
that it was her intention to have the fake notes support the billings to Medicare or
that the fake notes were used to bill Medicare.

As to Defendant's claim that the evidence does not support that she
knowingly destroyed, or aided and abetted, the destruction of records, the record
evidence amply supports the jury's verdict.  The evidence at trial showed that the

6

Defendant directed an employee to remove the patient records from Accessible on the day Abdul Al-Jumail was arrested.  The employee testified that later, she and Defendant went to the house of a relative of Defendant, where Defendant took the patient files from the employee's vehicle and put them in garbage bags.  Then Defendant's husband put the bags in a barrel and set them afire.  Defendant stood by and watched while this happened.  The testimony also showed that Defendant knew that Abdul Al-Jumail had been arrested in connection with ABC Home Health Care the day she participated in the destruction of the Accessible records, that she knew because she had worked there that ABC was a fraudulent company, and that the same practices had been used at Accessible.

Under either the standard set for Rule 29 motions or the standard for Rule 33 motions, sufficient evidence was presented at trial to support the jury's verdict of guilty on both Counts 1 and 3. The interests of justice do not require a new trial in this matter.

While it is the better form for the prosecution to refrain from in any way addressing the opportunity for a defendant to call witnesses, the comments of the Government's attorney in this case did not shift the burden of proof to Defendant. First, the Government claims the comments about calling the "biller" as a witness were not directed to Defendant Jamella Al-Jumail, but rather to co-Defendants Felicar Williams and Carey Vigor.  Second, the Government claims the comments

did not shift the burden of proof.  The record reflects that the comments were directed at Williams and Vigor.  However, Defendant makes a similar argument.

There is no error since the Sixth Circuit Court of Appeals has  held that a prosecutor may comment on the ability of a defendant to call witnesses and present evidence and that this does not shift the burden of proof in instances where the defendant has questioned why the government has failed to call a particular witness.  *United States v. Johnson*, 2014 WL 4668290, \*2, 4 (6th Cir. 2014); *Perkins v. McKee,* 411 Fed. App'x 822, 832 (6th Cir. 2011); *United States v. Newton*, 389 F.3d 631, 638 (6th Cir. 2005), *vacated on other grounds*, 546 U.S. 803, 126 S.Ct. 280, 163 L.Ed.2d 35 (2005).

For the reasons stated above, Defendant Jamella Al-Jumail's Motion for Judgment of Acquittal, or in the Alternative, Motion for New Trial **[Docket No. 386]** is DENIED.

## III.   Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment of Acquittal, or in the Alternative, Motion for New Trial **[Docket No. 386, filed October 14, 2014]** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Continue Trial or Sever **[Docket No. 317, filed July 2, 2014]** is **DENIED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 21, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 21, 2015, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

9