# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**JAMELLA AL-JUMAIL D-6,**

    Defendant.

_____/

**CRIMINAL CASE NO. 12-20272**
**CIVIL CASE NO. 17-11585**
**HON. DENISE PAGE HOOD**

## ORDER GRANTING MOTION FOR ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND BRIEFING SCHEDULE

This matter is before the Court on the Government's Motion for Order Finding Waiver of Attorney-Client Privilege as to Defendant Jamella Al-Jumail's Motion to Vacate Sentence under 28 U.S.C. § 2255. The Government seeks a ruling on whether Defendant waived the attorney-client privilege by claiming ineffective assistance of trial counsel. The Government asserts that Defendant's trial counsel is willing to provide an affidavit in this matter, subject to a finding that Defendant has waived the attorney-client privilege. Defendant's current counsel did not concur in the motion.

Defendant's § 2255 motion raises two grounds: 1) that defense counsel failed to advise Defendant of that she could enter an "open" plea to the Indictment to avoid trial and not have to testify against her father, a co-defendant; and, 2) that defense

counsel failed to object to the restitution in light of *Alleyne v. United States,* 133 S.Ct. 2151 (2013). (Doc. No. 593, Pg ID 9440-41) Defendant's claim clearly waives any attorney-client privilege since it is necessary for the Government to defend the ineffective assistance of counsel claim raised. *United States v. Clark,* 2013 WL 74616, *1 (W.D. Mich. Jan. 7, 2013) (citing *In re Lott,* 424 F.3d 446, 452-54 (6th Cir. 2005)). Litigants cannot hide behind the privilege if they are relying upon privileged communications to make their case. *In re Lott,* 424 F.3d at 454. "'[T]he attorney-client privilege cannot at once be used as a shield and a sword.'" *Id.* (quoting *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir. 1991)). The privilege remains the client's, and the client must take some affirmative step to waive it. *Id.* Where a habeas petitioner has made the confidential relationship the subject of a constitutional inquiry, the waiver is implied. *Id.* The waiver is implied from the nature of the claim, not from the nature of the proceeding. *Id.*

The Court, having found Defendant waived the attorney-client privilege by raising trial counsel's performance in her § 2255 motion, trial counsel may submit an affidavit on the issues raised by Defendant in her motion.

Accordingly,

IT IS ORDERED that the Government's Motion for Order Finding Waiver of Attorney-Client Privilege and Setting Deadlines for Trial Counsel and Government

to Respond **(Doc. No. 612)** is GRANTED. The following schedule governs this matter:

1) Trial Defense Counsel must submit an affidavit and any relevant documents relating to the issues raised by Defendant in the § 2255 motion to the Government by **September 8, 2017**;

2) The Government must file its Response to the § 2255 motion, along with filing Trial Defense counsel's affidavit and any relevant documents as exhibits, by **November 3, 2017.**

3) Defendant must file its Reply to the Government's Response by **December 1, 2017.**

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 23, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 23, 2017, by electronic and/or ordinary mail.

S/Julie Owens
Acting in the absence of LaShawn Saulsberry
Case Manager