UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                        Case No. 12-20272
v.                                       Hon. Denise Page Hood

Jamella Al-Jumail.

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE [#672]

On September 30, 2014, Defendant Jamella Al-Jumail was convicted of Conspiracy to Commit Heath Care Fraud, in violation of 18 U.S.C. § 1349, and Destruction of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519. On April 21, 2015, Defendant was sentenced to 48 months of imprisonment, a $200 assessment, $589,516.69 in restitution, and three years of supervised release. [ECF No. 447] After serving her sentence, Defendant's supervised release period commenced on February 8, 2019. On February 11, 2020, Defendant filed a Motion to Terminate Supervised Release, to which the Government filed a response. Although the Probation Department has not filed a memo supporting or opposing the instant Motion, Defendant asserts that she has complied with all necessary areas of supervision, including making monthly restitution payments. Defendant

further states that her probation officer "does not oppose this petition." [ECF No. 672, Pg.ID 10460]

The Government acknowledges Defendant's compliance with the terms of her supervised release, but it argues that early termination of supervised release should be granted only in unusual circumstances, such as "exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). The Government contends that Defendant has done no more than comply with the terms of her supervised release—which is not unusual or exceptional. The Government further argues that Defendant must continue to be monitored to allow her probation officer access to her financial information and to confirm her full-time, gainful employment. The Government asserts that these conditions of supervised release will ensure that Defendant continues to meet her "significant restitution" obligation. [ECF No. 673, Pg.ID 10472]

The Court concludes that Defendant's motion should be denied at this time. The Court imposed a three-year term of supervised release, and Defendant has been on supervised release for only about one-third of that period. Although Defendant's conduct while on supervised release has been compliant and without incident, the Court imposed a three-year supervised release for valid reasons. The Court believes that terminating Defendant's supervised release after a little more

than one-third of the imposed supervised release term would not be in the interests of justice.

Accordingly, for the reasons set forth above,

IT IS SO ORDERED that Defendant's Motion to Terminate Supervised Release [ECF No. 672] is **DENIED WITHOUT PREJUDICE**.

s/Denise Page Hood  
DENISE PAGE HOOD  
DATED: April 7, 2020                Chief Judge